IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) ) ) **CRIMINAL NO. 16-33** |
| TYREE PRICE, | ) ) |
| Defendant. | ) ) ) |

AMBROSE, United States Senior District Judge

## MEMORANDUM ORDER OF COURT

**I. Introduction**

Defendant, acting *pro se*, has filed an Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as well as a Motion to Supplement the Emergency Motion. (ECF Nos. 86, 89) The Motion to Supplement is granted and I have considered his submission in this regard. The Defendant seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. 3582(c)(1)(A)(i). He contends that his medical conditions render him particularly susceptible to the COVID-19 virus while incarcerated. The Government has filed a Response in Opposition. (ECF 90) Counsel was then appointed to review and undertake representation of the Defendant pursuant to the Administrative Orders at Misc. Nos. 19-103 and 20-629. The Defendant subsequently filed a pro se Reply to the Government's Response. (ECF 92) Thereafter counsel for the Defendant filed a Supplement to which the Government Responded. (ECF Nos. 95, 97) After careful consideration, and for the reasons set forth below, I am denying the Motion.

**II. Background**

A grand jury for the Western District of Pennsylvania returned a two-count Indictment against the Defendant charging him at Count One with knowingly using, carrying and brandishing

1

a firearm during and in relation to a drug trafficking crime and at Count Two with knowingly, intentionally and unlawfully possessing with intent to distribute and distribution of a quantity of a mixture and substance containing a detectable amount of heroin.  He pled guilty to the Counts on March 20, 2017. (ECF 65) On February July 11, 2017, this Court sentenced the Defendant to be imprisoned for a term of eighty-four months at Count 1 to run consecutively to a term of one month at Count 2. (ECF 82) The Defendant represents that he has served over 60% of his time without disciplinary incident and that he has less than 23 months left on his sentence. (ECF 86) He asks to be released to home confinement for the remainder of his sentence.[1] He contends that he has a medical history of pneumonia, asthma, bronchitis, and a congenital immunodeficiency disorder which renders him susceptible to the COIVD-19 pandemic.

### III. Analysis

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons could seek a reduction of sentence. *United States v. Handerhan*, 789 Fed. Appx. 924, 925 (3d Cir. 2019). Section 603(b) of the First Step Act, entitled "Increasing the Use and Transparency of Compassionate Release," permitted prisoners the right to file compassionate release motions with the court "so long as they first ask the BOP to file a motion on their behalf and then either exhaust the BOP's administrative appeal process or wait 30 days, whichever comes first." *United States v. Somerville*, 12cr225, 2020 WL 2781585, at * 2 (W.D. Pa. May 29, 2020), *citing* 18 U.S.C. § 3582(c)(1); First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). The First Step Act thus  empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). The statute provides that:

---

[1] In considering Price's motion, I find persuasive the decision rendered by my colleague in *United States v. Hawkins*, Crim No. 14-106, 2020 WL 3259017 (W.D. Pa. June 16, 2020) (J. Conti) that such a request should be construed as a motion for immediate release. *See also, United States v. Catanzarite*, Crim. No. 18-0362, 2020 WL 2786927, at * 2 (D. N.J. May 29, 2020) and *United States v. Williams*, Crim. No. 17-2002-5, 2020 L 2300206, at * 3 (W.D. Tenn. May 1, 2020). Regardless, the Government does not argue that this Court lacks the authority to convert the remainder of Price's sentence to home confinement because such relief does not reduce his term of imprisonment.

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i)   extraordinary and compelling reasons warrant such a reduction….
> > >
> > > And that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission….

18 U.S.C. §3582(c)(1)(A). Because the Defendant has exhausted his administrative remedies, I turn to a consideration of whether, after considering the factors set forth in section 3553(a), the Defendant has established "extraordinary and compelling reasons" in support of compassionate release."[2]

The Sentencing Commission issued a policy statement related to § 3582(c)(1)(A). It provides, in part, that: "the court may reduce a term of imprisonment … if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that – (1)(A) extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13. The policy statement then identifies four categories of "extraordinary and compelling reasons." They consist of: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the Director of the Bureau of

---

[2] Before a prisoner can file a compassionate release motion, administrative rights must be exhausted. Initially the parties disagreed as to whether the Defendant had exhausted his administrative remedies. (ECF 90) However, given the lapse in time since the filing of the Motion, the Government now represents that it "does not advocate failure to exhaust as a basis for the denial of the Compassionate Release filings…." (ECF 97)

Prisons. U.S.S.G. 1B1.13 cmt. n.1. The Government contends that this policy statement applies and that Price does not meet any of the definitions.[3]

There is some dispute as to the continued applicability of the policy statement and related commentary. It appears "in the commentary to the 2018 version of 1B1.13. The Sentencing Commission has not yet amended 1B1.13 or its commentary to account for the First Step Act." *Handerhan*, 789 Fed. Appx. at 925, n. 2, *citing, United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at * 2 (D. Me. July 11, 2019). The Government urges that this policy statement still defines "extraordinary and compelling reasons," despite the fact that it was issued prior to the passage of the First Step Act. Yet a "majority of district courts have concluded that the 'old policy statement provides helpful guidance, [but] … does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)." *United States v. Rodriguez*, 2020 WL 1627331, at * 4 (E.D. Pa. Apr. 1, 2020) (citations omitted). I find the *Rodriguez* court's analysis of the issue to be persuasive. *See also*, *United States v. Somerville*, 12cr225, 2020 WL 2781585, at * 6-7 (W.D. Pa. May 29, 2020) (finding that the "catch-all" provision under (D) permits the court the authority to independently assess whether there are "extraordinary and compelling reasons.") (citations omitted). *See also, United States v. Boyce*, 2020 WL 3268930, at * 3 (D. Del. June 17, 2020) (citing with approval *Sommerville* for the proposition that a court can independently assess the presence of "extraordinary and compelling reasons."); and *United States v. Alexander*, 2020 WL 2507778, at * 3 (D. N.J. May 15, 2020). Nevertheless, I need not resolve this issue because I find that, even if I do have the authority to consider Price's arguments under the catchall provision, he has not demonstrated compelling and extraordinary reasons for release.

---

[3] There seems to be no dispute that Price seeks relief under the "catchall" provision. That is, Price is not suffering from a terminal illness or a debilitating medical condition; he is not an "elderly" inmate or over 65 years of age with medical conditions; and he has not established family circumstances such as the death or incapacitation of the caregiver of the defendant's minor child (or children).

As another district court in the Third Circuit recognized, "it is difficult to overstate the severity of the COVID-19 outbreak and the global crisis that society is facing in light of this unprecedented public health crisis." *United States v. Catanzarite*, 2020 WL 2786927, at * 3 (D. N.J. May 29, 2020). As such, I consider Price's motion with "the utmost gravity." *Catanzarite*, 2020 WL 2786927, at * 3. To succeed on his claim, though, Price must show "(1) a sufficiently serious medical condition, or advanced age, placing the prisoner at a uniquely high risk of grave illness or death if infected by COVID-19; and (2) an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." *Somerville*, 12cr225, 2020 WL 2781585, at * 8 (W.D. Pa. May 29, 2020). While Price may be able to satisfy the second requirement,[4] I find that he has not satisfied the first.

Price alleges that he has a medical history of "Right Lobe Pneumonia, Asthma, and Bronchitis," and "congenital immunodeficiency disorder." (ECF 86, p. 4, ECF 92) Unfortunately, Price has not supplied any documentation confirming his allegations. As the Government represents, the only documentation this Court has access to is the Presentence Report provided by the United States Probation Office in June of 2017. (ECF 74). The PSR indicates that Price suffered from kidney stones and some point but that he reports "good health" and "no chronic health issues." PSR, paragraph 46. Price never challenged this description of his health. Nor did his Sentencing Memorandum indicate any health concerns. (ECF 80) Absent documentation of Price's medical condition, or a concession by the Government as to the severity of the condition, I cannot find that he has established extraordinary and compelling reasons for compassionate release.

---

[4] *See United States v. Rodriguez*, 2020 WL 1627331, at * 9 (E.D. Pa. Apr. 1, 2020) (recognizing that "[t]he situation at FCI Elkton in particular is alarming."). On April 3, 2020, the Attorney General recognized the FCI Elkton was "experiencing significant levels of infection." (ECF 92, Ex. 3). See also https://www.bop.gov/coronavirus/ (last visited June 22, 2020). The Government acknowledges that FCI Elkton is one of the largest BOP facilities. (ECF 90, p. 4 n. 1) It did not, however, submit any current information regarding mitigation efforts in place at FCI Elkton.

THEREFORE, this 23rd day of June, 2020, it is ordered that Defendant's Emergency Motion for A Reduction in Sentence (ECF 86) and Motion for Early Release from Custody (ECF No. 86) is denied without prejudice. Price may refile and provide medical documentation of his conditions.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge